Parker, J.
(Dissenting.)
I desire to state, very briefly, the grounds upon which I feel obliged to dissent from the conclusion of the majority of the court.
It cannot be questioned but that a court has very wide and extensive powers and discretion over and with respect to its journal during the term, and I do not question but what the court here has jurisdiction and power to make the order complained of, and. yet it seems to me that that does not determine the question of the rights of the parties' — ■ that this jurisdiction and power should be subordinated to the rights of the parties litigant. This action having been dismissed before these intervenors came in to file their cross-petition, if that was rightfully done, then there were certain rights by virtue of that order and judgment dismissing the action which became vested in both plaintiff and defendant that could not be rightfully disturbed or taken away from them without legal reasons, even under this power of the court over its journal during the term. In other words, if the court made a wrong order during the term with respect to orders previously entered upon its journal, during term, that was prejudicial to any of the parties, such parties ought to have a right and opportunity to prosecute error on that account. But, as Judge Haynes has said, we differ as to the extent of the discretion of the court in dealing with its journal during the term. The opinion of the majority of the court seems to me to be that the court can-, not be held to have done anything wrong or erroneous with respect to its orders made during the term, no matter what *173 it may do in the way of modifying, overturning or wiping 4hem out.
That the parties did have a right to dismiss their suit without consulting the'interests of persons who were not parties, it seems to me is well settled by the decisions. Section 455 of Beach on Modern Equity Practice, reads as follows:
“Where a complainant files a bill on behalf of himself and all others of the same class, be retains the absolute •dominion of the suit until the decree, and may dismiss the bill at his pleasure. But after a decree ho cannot thus deprive the other persons of the same class of the benefit of the decree if they think fit to prosecute it. Nor can such complete control of the suit be exercised by the original •complainant alone if there be other complainants.”
“Other complainants” would doubtless include those who come in by the way of cross-petition. But here there were none at the time this action was dismissed. There are a great many authorities cited in support of this text, and they all appear to sustain it, and we cannot find any authority to the contrary. It seems to me that this kind of action, prosecuted by one on behalf of himself and of all others similarly situated, to enforce a stockholders’ liability, is an action of the general nature and character referred to in this text book and covered by these decisions which are given in support of the text. It is said that the rule should not apply in Ohio, because after an action has been instituted by one creditor on behalf of himself and all others similarly situated, the hands of other creditors are tied, so that they may not institute an action of like character, and therefore they have such a direct interest in the suit then being prosecuted as that they should be heard before any action is taken in the case which might operate to their .prejudice, and I supposed, when the case was presented, that that was true in Ohio — that after such an action had been begun by one creditor, another creditor would not be permitted to maintain an action of a similar character. It ■seems to me as if that ought to be so, and yet we cannot ünd any decision in which that is distinctly held. There •are two cases cited in 17 Ohio St., in one of which it is held that where suit is instituted on behalf of the plaintiff *174 himself and all others similarly situated, a creditor cannofr then institute such an action on behalf of himself alone;, and we think that the court might have gone even farther and said that even before instituting such an action no creditor could institute-an action to enforce a stockholders’ liability on behalf of himself alone. I think it is true that, such action must take the form of an action ón behalf of alt the creditors interested, on behalf of himself and all others of like interests, because the statute provides that the fund shall be brought into court to be distributed among the-creditors pro rata.
Squire, Stilioell & Duer; Swayne, Hayes & Tyler, for Plaintiff in Error.
Scribner & Waite; Marshall & Frazer, for Defendant ia Error.
After the order had been made dismissing this action, it seems to me that both plaintiff and defendants below had such a vested right and interest in that judgment • of dismissal' as that the court could not without good reason and in the interests of justice interfere with it. That any order-affecting the dismissal must be made in pursuance of and consistently with, well-settled rules of law, and that therefore error may be prosecuted on account of the action being reinstated, if it was not done rightfully and in pursuance or law; and.that both the plaintiff and the defendant would have rights arising out of the judgment, of dismissal is held in effect in the case of McDougald v. Dougherty, 11 Georgia, 570. I read a few paragraphs from the syllabus:
“Notwithstanding a bill is filed by a creditor at the instance of himself and all others who may wish to come in, still up to the time of the decree it is a suit only between party and party.
“The plaintiff up to the time of the decree,may make any disposition of the case, which he sees fit; and the defendant who is the debtor may tender satisfaction and compel him-to accept it. ”
So that the right of the defendant in the matter appears-to be a right to tender satisfaction and compel the acceptance of it and have the suit dismissed; and therefore it seems to me it could not be reinstated and he could not be-brought back into court without his consent, and that such order would amount to error, to his prejudice,